UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| DAVID MICHAEL BATCHELDER & ROBERT TOMPKINS, Individually and on behalf of a class,<br><br>Plaintiffs,<br><br>v.<br><br>PALMER'S HOLDINGS AND INVESTMENTS, INC. d/b/a PALMER'S DELI & MARKET and DOES 1-10,<br><br>Defendants. | Case No. 4:11-CV-00259<br><br>**ORDER (1) APPOINTING CLASS COUNSEL; (2) APPOINTING CLASS REPRESENTATIVES; (3) PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AND NOTICE TO CLASS; AND (4) SETTING FINAL APPROVAL HEARING** |

WHEREAS, Plaintiffs David Michael Batchelder and Robert Tompkins, on behalf of the Class, as defined below ("Plaintiffs"), have entered into a settlement (the "Settlement") of the claims asserted in the above-captioned class action (the "Action") with Defendant Palmers's Holdings and Investments, Inc. d/b/a Palmer's Deli & Market (the "Defendant");

WHEREAS, the "Class," as defined in Section I, Paragraph 3 of the Agreement of Settlement between Plaintiffs and Defendant (the "Settlement Agreement"), consists of all persons in the United States who used a Visa or MasterCard, or Discover debit or credit card or American Express credit card at any of Defendant's currently owned retail locations where the person was provided an electronically printed receipt at the point of sale or transaction that displayed the expiration date of that person's credit or debit card during the period beginning June 4, 2008 to the date the class is certified;

WHEREAS, the Plaintiffs have made an application, pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, for an Order appointing class counsel and class representatives, and certifying for purposes of settlement a class of all persons in the United

States who used a Visa or MasterCard, or Discover debit or credit card or American Express credit card at any of Defendant's currently owned retail locations where the person was provided an electronically printed receipt at the point of sale or transaction that displayed the expiration date of that person's credit or debit card during the period beginning June 4, 2008 to the date the class is certified;

WHEREAS, the Parties have made an application, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, for an Order preliminarily approving the Settlement of this Action in accordance with the Settlement Agreement;

AND WHEREAS, the Court, having read and considered the Settlement Agreement and the Exhibits annexed thereto and finding that substantial and sufficient grounds exist for entering this Order; IT IS HEREBY ORDERED:

## DEFINITIONS

1. The Court, for purposes of this Order, adopts all definitions of terms set forth in the Settlement Agreement.

## APPOINTMENT OF CLASS REPRESENTATIVES

2. The Court finds that Plaintiffs David Michael Batchelder and Robert Tompkins will fairly and adequately protect the interests of the class pursuant to Rule 23(a)(4) of the Federal Rules of Civil Procedure and therefore appoints Plaintiffs as Class Representatives.

## APPOINTMENT OF CLASS COUNSEL

3. The Court finds that proposed class counsel are qualified to represent the Class and therefore appoints as Class Counsel Brian J. Christensen, Joshua C. Dickinson, Bryant T. Lamer and Lindsay Todd Perkins of the law firm of Spencer Fane Britt & Browne LLP pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

## CERTIFICATION FOR SETTLEMENT PURPOSES ONLY

4.      The Court preliminarily concludes that, for the purposes of approving this settlement only and for no other purpose and with no other effect on the Action, should the proposed Settlement Agreement not ultimately be approved, the proposed Settlement Class meets the requirements for certification under Rule 23 of the Federal Rules of Civil Procedure and therefore certifies the Class for settlement purposes only.

## PRELIMINARY APPROVAL AND SETTLEMENT HEARING

5.      The Court finds that for purposes of preliminary approval, the terms of the Settlement Agreement are within the range of reasonableness for a class settlement. The terms of the Settlement Agreement are, therefore, preliminarily approved, subject to further consideration at a hearing to be held consistent with the requirements of Fed. R. Civ. P. 23(e) (the "Final Approval Hearing"), which shall be held before this Court on Aug 16, 2012, at 1:30 a̶.̶m̶.̶/p.m. in Courtroom 160 of the United States District Court for the Southern District of Iowa, 123 East Walnut, Des Moines, Iowa 50309.

6.      During the Final Approval Hearing, the Court will: (i) determine whether the proposed Settlement is fair, reasonable and adequate; (ii) determine whether any objections to the Settlement should be overruled; (iii) determine whether a Final Order approving the Settlement and dismissing any of the actions should be entered; and (iv) consider the petition by Class Counsel for payment of a reasonable Fee and Expense Award to include attorneys' fees, costs and expenses, and class representative incentive fees.

OP 606219.1

## NOTICE TO CLASS MEMBERS

7.  Class Counsel shall cause notice of the pendency of the Action, the proposed Settlement, the Final Approval Hearing, and the petition by Class Counsel for payment of a reasonable Fee and Expense Award, as follows:

(a)  Within ten (10) days of the entry of this Order, a copy of the Posted Notice substantially in the form attached as Exhibit "C" to the Settlement Agreement shall be posted at a conspicuous location at each of Defendant's currently owned retail locations and shall remain posted in those locations for two weeks.

(b)  Publication Notice of the Settlement Agreement will be provided substantially in the form attached as Exhibit "C" to the Settlement Agreement. The Publication Notice shall appear in a newspaper of general circulation covering each city in which Defendant currently has a retail location at the locations listed on Exhibit "D." In each city in which such a retail location exists, Publication Notice shall appear as a 1/8 page advertisement in the newspaper in which the Settling Defendant has placed the most advertisements (by dollar amount of ad space purchased) during the preceding twelve month period. The Publication Notice shall run no fewer than two times over two consecutive weekends prior to the close of the claims period.

(c)  The Self-Administrator will provide a link on its website that contains information about the Action and the Settlement, including a copy of the Complaint in the Action; a copy of this Agreement; a downloadable claim form; and the name, address and telephone number of the Self-Administrator.

(d)   Ten (10) days prior to the Final Approval Hearing, the Defendant will file with the Court and serve upon Class Counsel proof, by affidavit or declaration, of such Posted and Publication Notice.

(e)   Defendant, as Self-Administrator, will self-administer the notice and claim administration process, except the Third-Party Administrator will administer any Identity Theft Claims.

8.   The Court approves the form of Notice. The court finds that the procedures established for Notice and the posting and publication of such Notice as set forth in this Order meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, and due process. The Court further finds that these procedures are the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons and entities entitled thereto.

9.   The Self-Administrator shall be responsible for the receipt of all written communications from the Class and shall preserve same, and all other written communications from members of the Class, or any other person in response to the Notices.

**REQUESTS FOR EXCLUSION FROM THE SETTLEMENT**

10.   To request exclusion from the Settlement, a Class Member must mail or otherwise deliver to the Self-Administrator an appropriate written request for exclusion, including his or her name, address, telephone number and Social Security number, that is personally signed by the Class Member, which request must be postmarked on or before t~~he~~ June 17, 2012 (the "Opt-Out Date) and actually received by the Self-Administrator at the following address:

Palmer's Holdings & Investments, Inc.
2843 Ingersoll Avenue,
Des Moines, Iowa 50312-4012

No Class Member, or any person acting on behalf of or in concert or in participation with that Class Member, may request exclusion of any other Class Member from the Class. The original requests for exclusion shall be filed within the Court by the Self-Administrator not later than fifteen (15) days after the Opt-Out Date. The filing shall redact the social security number of the person requesting exclusion, except for the last three (3) digits. Copies of requests for exclusion will be provided by the Self-Administrator to Class Counsel and counsel for the Defendant not later than five (5) days after the Opt-Out Date.

11. All Class Members (excluding those who have timely and properly requested exclusion in the manner set forth in Paragraph 10, to the limited extent provided by the terms of the Settlement Agreement) shall be bound by the releases and other terms and conditions set forth herein and all proceedings, orders and judgments in the Action, even if those persons have previously initiated or subsequently initiate individual litigation or other proceedings against the Defendant relating to the claims released pursuant to or covered by the terms of the Settlement.

## OBJECTIONS BY CLASS MEMBERS

12. Subject to the requirements as set forth in Paragraphs 13 and 14 below, any Class Member who has not requested exclusion from the Settlement may appear at the Final Approval Hearing to show cause as to any of the following: (i) why the proposed Settlement should not be approved as fair, reasonable and adequate; (ii) why a judgment should not be entered thereon; (iii) why the plan for distribution of cash should not be approved; or (iv) why Class Counsel should or should not be awarded the attorneys' fees, costs, or reimbursement of expenses requested and Class Representative incentive fees. In accordance with the Settlement

Agreement, any Class Member may so object either on their own or through an attorney hired at their own expense.

13. In order to be heard to contest the approval of the Settlement Agreement, a Class Member must serve Class Counsel and counsel for Defendant (by mail, hand or by facsimile transmission) and deliver to the Court no later than thirty (30) days prior to the Final Approval Hearing, a written statement of objections, including any legal support the Class Member wishes to bring to the Court's attention and any evidence the Class Member wishes to introduce in support of the objection along with the Class Member's social security number and signature.

CLASS COUNSEL:

Brian J. Christensen, Esquire
Bryant T. Lamer, Esquire
Joshua C. Dickinson
Lindsay Todd Perkins, Esquire
Spencer Fane Britt & Browne LLP
9401 Indian Creek Parkway, Suite 700
Overland Park, Kansas 66210
Facsimile: (913) 345-0736

COUNSEL FOR DEFENDANT

Mark W. Thomas, Esquire
Anita L. Dhar, Esquire
500 East Court Avenue, Suite 2000
P.O. Box 10434
Des Moines, IA 50306
Facsimile: (515) 245-4452

14. Any Class Member who does not make an objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the proposed Settlement, the Order and Final Judgment to be entered approving the Settlement, the plan for distribution for coupons

and/or cash pursuant to the Settlement Agreement or the request for attorneys' fees, reimbursement of expenses and Class Representative incentive fees.

## CLAIMS (CLAIMS PROCESS)

15. In order to be entitled to participate in the distribution of coupons and/or cash pursuant to the Settlement Agreement, a Class Member who has not requested exclusion from the Class must submit a Valid Claim to the address provided in the Notice. To be valid and accepted, the Valid Claim must be postmarked within two weeks of the first day Posted Notice is provided. Any Class Member who does not submit a Valid Claim and has not requested exclusion shall not be entitled to a coupon or cash settlement, but nonetheless shall be barred and enjoined from asserting any of the Released Claims.

## TERMINATION

16. If the Settlement and the Settlement Agreement are not approved by the Court or do not receive final approval after review by any court of competent jurisdiction for any reason, or is terminated in accordance with its terms for any other reason, the Parties will be returned to their status immediately prior to execution of the Settlement Agreement as if the Settlement Agreement had never been made. Accordingly, upon any such termination for any reason (i) the Parties will be deemed to have preserved all their substantive or procedural rights or defenses with respect to the Action as of the date of execution of this Agreement, and (ii) the Parties shall not be deemed to have waived any substantive or procedural rights or defenses of any kind that they may have.

## ADDITIONAL OBLIGATIONS OF CLASS COUNSEL

17. The Self-Administrator shall be responsible for administering the initial receipt of responses to the Notice, responding to inquiries from Class Members, and preserving all correspondence in response to the Notice.

18. The Self-Administrator shall cause to be filed with the Court affidavit(s) or declaration(s) of the person or persons under whose general direction the posting of Notice shall have been made, showing that such posting has been made in accordance with this Order by May 29, 2012.

19. Class Counsel shall submit to the Court and to counsel for Defendant any papers in support of the Settlement and application for attorneys' fees and reimbursement of expenses by July 17, 2012.

## POWERS AND JURISDICTION OF THE COURT

20. The Court expressly reserves its right to adjourn the Final Approval Hearing or any further adjournment thereof, and to approve the Settlement Agreement, including any modifications thereto which are acceptable to the Parties, without any further notice to Class Members.

21. The Court will have continuing jurisdiction over the Action for purpose of implementing the Settlement until the Action and all related matters are fully resolved, and for enforcement of the Settlement, the Settlement Agreement and Final Order thereafter.

22. The Parties to the Settlement Agreement are directed to carry out their obligations under the terms thereof.

**APPROVED AND SO ORDERED:**

Dated: __April 23__, 2012

_____
JAMES E. GRITZNER, Chief Judge
U.S. DISTRICT COURT