IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| DAVID MICHAEL BATCHELDER & ROBERT TOMPKINS, Individually and on Behalf of a Class,<br><br>　　Plaintiffs,<br><br>vs.<br><br>PALMER'S HOLDINGS AND INVESTMENTS, INC., d/b/a PALMER'S DELI & MARKET and DOES 1-10,<br><br>　　Defendants. | No. 4:11-cv-00259 – JEG<br><br>FINAL JUDGMENT AND ORDER OF DISMISSAL |

　　This Court, having considered the Plaintiffs' Motion for Final Approval (the Motion) of the settlement (Settlement) with Palmer's Holdings and Investments, Inc., d/b/a Palmer's Deli & Market (the Defendant), having held a fairness hearing on August 16, 2012, and having considered all of the submissions and arguments with respect to the Motion, finds that:

　　1.　This Action was previously certified by the Court for purposes of settlement only as a class action against the Defendant on behalf of all persons in the United States who used a Visa or MasterCard, or Discover debit or credit card, or American Express credit card at any of Defendant's currently owned retail locations where the person was provided an electronically printed receipt at the point of sale or transaction that displayed the expiration date of that person's credit or debit card during the period beginning June 4, 2008 to April 23, 2012.

　　2.　No Class Members submitted timely requests for exclusion from the Class.

　　3.　Notice to the Class has been provided in accordance with the Court's Preliminary Approval Order, and such notice by posting and publication has been given in an adequate and sufficient manner; constituted the best notice practicable under the circumstances; and satisfied all requirements of Rule 23(e) and due process. Despite providing notice in accordance with the Court's Preliminary Approval Order, no Class Members submitted claims.

4. The Settlement Agreement was arrived at as a result of arm's-length negotiations conducted in good faith by counsel for the parties and is supported by the Class Representatives.

5. The Action presents issues as to liability and damages as to which there are substantial grounds for differences of opinion.

6. The Court finds that the settlement as set forth in the Settlement Agreement is fair, reasonable, and adequate in light of the complexity, expense, and duration of litigation and the risks involved in establishing liability, damages and in maintaining the class action through trial and appeal.

7. The payment of coupons and/or cash as provided under the Settlement Agreement constitutes fair value given in exchange for the release of the Released Claims against the Released Parties as those terms are defined below. The Court finds that the consideration to be paid to Class Members, consisting of coupons and/or cash payments, is reasonable considering the facts and circumstances of the transactions at issue, the type of claim and affirmative defenses asserted in the Action and other FACTA litigation over several years, and the potential risks and likelihood of success of alternatively pursuing trial on the merits.

8. The Parties and each Class Member have irrevocably submitted to the exclusive jurisdiction of this Court for any suit, action, proceeding, or relating in any way to any dispute arising out of the Settlement Agreement.

9. It is the best interests of the Parties and the Class Members and consistent with principles of judicial economy that any dispute between any Class Member (including any dispute as to whether any person is a Class Member) and any Released Party, which in any way relates to the applicability or scope of the Settlement Agreement or this Final Judgment and Order of Dismissal, should be presented exclusively to this Court for resolution by this Court.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Settlement Agreement submitted by the Parties is finally approved as fair, reasonable, and adequate and in the best interests of the Class, and the Parties are directed to consummate the Settlement Agreement in accordance with its terms. The Parties and each person within the definition of the Class are hereby bound by the terms and conditions of the Settlement Agreement.

2. The Action is hereby dismissed, with prejudice and without costs. This Judgment has been entered without any admission by the Defendant as to the merits of any of the allegations in the Class Action Complaint; however, Defendant is hereby ordered to comply with the Fair and Accurate Credit Transactions Act (FACTA), 15 U.S.C. § 1681c(g), at all its currently owned locations.

3. For purposes of this Final Judgment and Order of Dismissal:

   (a) "Released Claims" includes any claims, rights, demands, obligations, actions, causes of action, suits, cross-claims, matters, issues, liens, contracts, liabilities, agreements, costs, and expenses of any nature by the Settling Plaintiffs and Class Members against the Released Parties arising out of, or in connection with, or in any way related to claims they may have under FACTA.

   (b) "Released Parties" means, collectively, Palmer's Holdings and Investments, Inc., d/b/a Palmer's Deli & Market, and (a) any and all of its respective past, present, and future parent companies, subsidiaries, divisions, affiliates, franchisees, predecessors, successors, and assigns; (b) the respective present and former general partners, limited partners, principals, members, directors, and their attorneys, officers, employees, stockholders, owners, agents, subrogees, independent contractors, insurers, reinsurers, attorneys, the representatives, heirs, executors, personal representatives, administrators, trustees, transferees, and assigns of any of

them; and (c) all persons or entities acting on behalf or at the direction of any of the foregoing.

4. The Released Claims are hereby finally compromised, settled, released, discharged, and dismissed with prejudice against the Released Parties by virtue of the proceedings herein and this Final Judgment and Order of Dismissal.

5. The Action is dismissed with prejudice and without costs.

6. Class Members and their successors and assigns are hereby permanently barred and enjoined from instituting, commencing, or prosecuting or continuing to prosecute, either directly or indirectly, any Released Claim against any of the Released Parties in any forum.

7. The Court awards $150,000.00 as attorneys fees, costs, and expenses to Class Counsel and incentive fee awards in the amount of $2000.00 each to David Michael Batchelder and Robert Tompkins, all payments to be made by the Defendant.

8. Without affecting the finality of this Judgment, the Court retains jurisdiction of this settlement, including the administration and consummation of the settlement. In addition, without affecting the finality of this Judgment, the Court retains exclusive jurisdiction of, and the Defendant and each member of the Class are hereby deemed to have submitted irrevocably to the exclusive jurisdiction of this Court for, any suit, action, proceeding, or dispute arising out of or relating to this Order, the Settlement Agreement, or the applicability of the Settlement Agreement. Without limiting the generality of the foregoing, any dispute concerning the Settlement Agreement, including, but not limited to, any suit, action, arbitration, or other proceeding by a Class Member in which the provisions of the Settlement Agreement are asserted as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection, shall constitute a suit, action, or proceeding arising out of or relating to this Order. Solely for purposes of such suit, action, or proceeding, to the fullest extent possible under applicable law, the parties hereto and all persons within the definition of the Class are hereby deemed to have irrevocably

waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

9. The Court finds, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay and directs the Clerk to enter final judgment.

**IT IS SO ORDERED.**

Dated this 23rd day of August, 2012.

_____
JAMES E. GRITZNER, Chief Judge
U.S. DISTRICT COURT